UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EKATERINA SCHOENEFELD,

                                   *Plaintiff*,

                                                                09-CV-0504
                -against-                                LEK/RFT

STATE OF NEW YORK, et al,

                                  *Defendants*.
_____


**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT IN ITS ENTIRETY**


                                              ANDREW M. CUOMO
                                              Attorney General of the State of New York
                                              Attorney for Defendants
                                              The Capitol
                                              Albany, New York  12224-0341

Christina L. Roberts-Ryba
Assistant Attorney General, of Counsel
Bar Roll No. 105818
Telephone:  (518) 486-9717
Fax:  (518) 473-1572 (Not for service of papers)                  Date: June 16, 2009

## Table of Contents

Preliminary Statement..................................................................................................................1

Statement of Case..................................................................................................................... 2

POINT I:

PLAINTIFF FAILS TO STATE A CLAIM................................................................................ 3

    A.    The State of New York and its Agencies Are Not "Persons" Within the Meaning of 42 U.S.C. § 1983...................................................................................................3

    B.    Plaintiff Pleads No Facts Demonstrating Defendants Are Personally Involved..... 3

POINT II:

PLAINTIFF PLEADS NO FACTS DEMONSTRATING A RIPE CONTROVERSY.................. 5

Conclusion................................................................................................................................ 6

**Preliminary Statement**

Plaintiff Ekaterina Schoenefeld, Esq., an attorney admitted to practice in New York and resident in New Jersey (Amended Complaint, ¶¶ 5-6), brings this action for equitable relief pursuant to 42 U.S.C. § 1983, alleging that New York State Judiciary Law § 470[1] violates her rights under the privileges and immunities clause, the equal protection clause, and the commerce clause of the U.S. Constitution. The 37 defendants include: the State of New York; New York State Attorney General Andrew M. Cuomo; the New York State Supreme Court, Appellate Division, Third Department ["the Appellate Division"]; each of the 11 Justices of the Appellate Division; Appellate Division Clerk Michael J. Novack; the Appellate Division Committee on Professional Standards ["the Appellate Division Committee"]; each of the 21 members of the Appellate Division Committee including its Chair.[2]

This memorandum is submitted in support of defendants' motion to dismiss the Amended Complaint pursuant to FRCP (12)(b)(6) for failure to state a claim upon which relief can be granted on the grounds that: 1) The State of New York, the Appellate Division, and the Appellate Division Committee are not "persons" within the meaning of 42 U.S.C. § 1983 and are entitled to sovereign immunity in any event; and 2) Insofar as individual persons are being sued, plaintiff fails to plead facts demonstrating that they are personally involved in any alleged constitutional violation. Finally, defendants urge, pursuant to FRCP 12(b)(1) that the Court lacks subject matter jurisdiction on the grounds that the case, as pleaded, is not ripe.

---

[1] Judiciary Law §470 provides: "A person, regularly admitted to practice as an attorney and counselor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counselor, although he resides in an adjoining state."

[2] The individual officials have been sued in their official capacity only and do not appear herein in their individual capacities.

**STATEMENT OF THE CASE**

The plaintiff alleges that she was admitted to practice law in New York State on January 26, 2006. See Amended Complaint ["Am. Comp."] ¶ 13. Plaintiff asserts that on June 5, 2007 she attended a continuing legal education course, entitled Starting Your Own Practice, offered by the New York State Bar Association. See Compl. ¶ 16. Plaintiff asserts that during the course she learned that, according to § 470 of the Judiciary Law, as a non-resident of New York State she may not practice law in the State of New York unless she maintains an office located within the State. Id. § 17. Urging that this provision is unconstitutional on its face and as applied, plaintiff seeks declaratory and injunctive relief under 42 U.S.C. 1983. Defendants now move to dismiss the Amended Complaint in its entirety.

**MOTION TO DISMISS:**

Rule 12 (b) of the Federal Rules of Civil Procedure allows for dismissal for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must view the amended complaint in the light most favorable to plaintiff. See Schuer v. Rhodes, 416 U.S. 232, 237 (1974); Yoder v. Orthomolecular Nutrition Inst., Inc, 751 F.2d 555,562 (2d Cir. 1985). Moreover, the Court must accept the factual allegations set forth in plaintiff's amended complaint as true. See Cooper v. Pate, 378 U.S. 546 (1964). Accordingly, a motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that plaintiff can prove no set facts in support of a claim that would entitle plaintiff to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

# POINT I

## PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

**A.  The State of New York and its Agencies Are Not "Persons" Within the Meaning of 42 U.S.C. § 1983 - These Defendants Are Entitled to Eleventh Amendment Immunity in Any Event.**

Neither a State nor agencies "persons" under § 1983. <u>See</u>, <u>Will v. Mich. Dep't of Police</u>, 491 U.S. 58, 70-71 (1989). Moreover, the Eleventh Amendment bars actions against those entities. <u>See</u>, <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities</u>, 64 F.3d 810, 815 (2d Cir. 1995) (dismissing Section 1983 claim for injunctive relief directed against state agency).

Here, the plaintiff's claims against the State of New York, Appellate Division, and the Committee should be dismissed as they are the State itself or arms of the State and, therefore, a section 1983 cannot be brought against them for prospective relief. <u>See</u>, <u>Will</u>, 491 U.S. at 71; <u>see</u>, <u>Komlosi</u>, 64 F.3d at 815.

**B.  Plaintiff Pleads No Facts Demonstrating Defendants Are Personally Involved.**

42 U.S.C. § 1983 imposes liability only upon those who actually cause a deprivation of rights, and thus, the "personal involvement of each defendant in alleged constitutional deprivations" is a necessary element of a §1983 claim. <u>See Whiting v. Incorporated Village of Old Brookville</u>, 79 F. Supp. 2d 133 (E.D.N.Y 1999) <u>citing</u> <u>Snider v. Dylag</u>, 188 F.3d 51 (2d Cir. 1999); <u>Blyden v. Mancusi</u>, 186 F.3d 252, 264 (2d Cir. 1999), <u>citing</u> <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir.1994). "Personal involvement" may take the form of direct participation in the deprivation, a defendant's failure to remedy an alleged wrong after learning of it, the creation of a policy or custom of

3

unconstitutional practices, or gross negligence in managing subordinates. Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1994). Merely implicating a person as someone whose actions set the disciplinary process in motion is insufficient for personal involvement. Williams v. Smith, 781 F.2d 319, 324 (1986).

In Whiting, a former police officer filed a 1983 action claiming that his discharge from the force violated his right to equal protection and freedom of speech. 79 F. Supp. 2d 133. The court found that, "absent some factual allegation that the defendant was personally engaged in some wrongdoing which contributed to the Plaintiff's discharge, the Plaintiff could not survive the motion." Id 133, __.

Here, the plaintiff does not allege that any of the 36 individual defendants were personally involved with any wrongdoing. See generally Am. Comp. Plaintiff fails to allege that any of the defendants participated in enforcing §470 of the Judiciary Law against her. In fact, the plaintiff admits that she only learned of §470 while attending a continuing legal education course. Am. Comp. ¶¶ 16-17. Plaintiff fails to establish that the 36 individual defendants did anything at all to cause her harm. Thus, plaintiff fails to establish personal involvement. Insofar as plaintiff claims that the Attorney General is authorized to interpret and enforce Judiciary Law § 470, plaintiff fails to allege that the Attorney General personally enforced the statute against her. Similarly, plaintiff does not allege any facts which demonstrate any of the defendants have taken adverse action. Conclusory claims of personal involvement are dictate a dismissal of the amended complaint. See, Pollack v. Nash, 58 F. Supp. 2d 294 (S.D.N.Y. 1999)

**POINT II**

**PLAINTIFF PLEADS NO FACTS DEMONSTRATING A RIPE CONTROVERSY.**

It is settled law that ripeness is a jurisdictional prerequisite to the adjudication of a claim in federal court.  Fed. Election Comm'n v. Cent. Long Island Tax Reform Immediately Comm., 616 F 2d 45, 51 (2d Cir. 1980)( claim must be ripe to satisfy the case and controversy requirement of Article III and confer jurisdiction on a federal court to adjudicate that claim), citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241 (1937).  It has been held that ripeness of a case for adjudication is a constitutional, jurisdictional prerequisite to both injunctive relief and declaratory relief.  Int'l Tape Mfrs. Ass'n v. Gerstein, 494 F.2d 25 (5th Cir. 1974).  Where the controversy originates from a challenge to a statute or policy prior to its enforcement, the ripeness doctrine requires that the challenge arise from a real, substantial dispute between the parties involving a definite and concrete matter.  See Marchi v. Board of Cooperative Educational Services of Albany, 173 F.3d 469 at 478 (2d Cir. 1999).

In Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City (473 U.S. 172, 186 [1985]) a case involving a landowner's challenge to the application of zoning laws,  the Supreme Court held that in order for a claim to be ripe, the government agency charged with enforcing the relevant regulation must have first rendered a "final decision" applying the regulation to the property at issue.

Here, plaintiff has not set forth any facts which demonstrate that there is any real or present likelihood that plaintiff will practice law in New York State, nor has she established that the defendants enforced any rules against her.  Indeed in more than three years of admission to the New York State Bar, it appears her only run in with respect to Judiciary Law §470 has been an academic

5

one at a CLE.  As the amended complaint does not indicate plaintiff has any cases, clients, or practice pending in the State of New York, and the Court and parties are simply left to guess whether plaintiff will offend §470 should she ever practice within the State, her pleading offers nothing but speculation as to whether there will ever be a need to enforce §470 with respect to her.  Plaintiff's request for the Court to issue an advisory opinion upon such speculation must be declined.  Plaintiff's claim is not yet ripe and should be dismissed. See, e.g., Williamson.

## CONCLUSION

**THE AMENDED COMPLAINT MUST BE DISMISSED
IN ITS ENTIRETY AGAINST ALL DEFENDANTS**

Dated: Albany, New York
       June 16, 2009

                                         ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York  12224-0341

By: *s/ Christina L. Roberts-Ryba*
Christina L. Roberts-Ryba
Assistant Attorney General, of Counsel
Bar Roll No. 105818
Telephone:  (518) 486-9717
Fax:  (518) 473-1572 (Not for service of papers)
Email: Christina.Roberts-Ryba@oag.state.ny.us

TO:      Ekaterina Schoenefeld, Esq.
         Plaintiff pro se
         3371 US Highway 1
         Suite 105
         Lawrenceville, NJ  08648

6