

**STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL**

ANDREW M. CUOMO  
Attorney General

STATE COUNSEL DIVISION  
Litigation Bureau

Writer Direct:  (518) 486-9717  
September 23, 2009

Honorable Lawrence E. Kahn  
United States District Judge  
James T. Foley U.S. Courthouse  
445 Broadway, Room 424  
Albany, NY 12207

Re:   *Schoenefeld v State*  
      Northern District of New York  
      09-CV-0504 (LEK)(RFT)

Dear Judge Kahn:

Please accept this letter brief as defendants reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss.

In plaintiff's memorandum of law ("MOL"), she claims that this case is ripe for adjudication.  However plaintiff admits in her Declaration, "I have never advertised myself as practicing law in the state courts of New York  and I have never represented any clients in New York state courts."  (Dkt. # 26, Declaration ¶ 3).  Plaintiff further states in her MOL that "due to personal circumstances that existed in the past and continue to be present, plaintiff cannot change her place of residence, Princeton, New Jersey, by moving to any other place." For the following reasons, plaintiff's claims are without merit.

First, there is no mandate in the language of Judiciary Law § 470 that requires the plaintiff to move her place of residence in order to practice in New York State.   The language of the statute is as follows (emphasis added):

> "A person, regularly admitted to practice as an attorney and counselor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counselor, **although he resides in an adjoining state**."

Second, plaintiff fails to establish that she attempted to comply with the statute by obtaining an office in New York or that she ever attempted to practice law in New York State.  Instead, plaintiff argues that Judiciary Law § 470 is unconstitutional and she seeks to challenge the statute in this action.  In her MOL, plaintiff claims that this action is similar to cases where state statutes

September 23, 2009
Page 2

were found to be unconstitutional because non resident attorneys were denied admission to state bars due to their lack of residency. See Barnard v. Thornstenn, 489 U.S. 546 (1989); Supreme Court of Virginia v. Friedman, 487 U.S. 59 (1988); Supreme Court of New Hampshire v. Piper, 470 U.S. 274 (1985); and Re Gordon, 397 N.E.2d 1309 (N.Y. 1979). Those cases are distinguishable from the present one due to the fact that the plaintiff in this case has been admitted to the New York State Bar even though she is not a resident of the state. See Declaration, ¶ 2. Furthermore, in this case the plaintiff has not yet attempted to practice law in New York State unlike the cases that plaintiff cites where each defendant had a final determination regarding their specific right to practice law in that particular state. Id. Here there has been no determination regarding plaintiff's practice of law in New York State. Thus, plaintiff's claim is not ripe for adjudication.

Where the controversy originates from a challenge to a statute or policy prior to its enforcement, the ripeness doctrine requires that the challenge arise from a real, substantial dispute between the parties involving a definite and concrete matter. See Marchi v. Board of Cooperative Educational Services of Albany, 173 F.3d 469 at 478 (2d Cir. 1999). Plaintiff argues that a substantial controversy already exists because Judiciary Law § 470 has been enforced upon other non-party attorneys. However, plaintiff's argument fails because her particular case is not ripe for adjudication. It has been held that ripeness of a case for adjudication is a constitutional, jurisdictional prerequisite to both injunctive relief and declaratory relief. See Int'l Tape Mfrs. Ass'n v. Gerstein, 494 F.2d 25 (5th Cir. 1974). In Int'l Tape Mfrs. Ass'n, the plaintiff requested the court to declare a Florida statute to be unconstitutional under the Supremacy Clause of the United States Constitution. Id. The court held that the plaintiff failed to adequately plead that it had been prosecuted or threatened with prosecution under the challenged law. Id. Here, plaintiff fails to adequately plead that she has been threatened with prosecution. In fact, there exists no controversy involving plaintiff's legal rights due to the fact that plaintiff has never attempted to practice law in New York State.

Nevertheless, if the court were to find that this case were ripe for adjudication, it has been established that, "A State has an interest in ensuring that a lawyer practicing within its boundaries is amenable to legal service and to contact by his or her client, as well as opposing and other interested parties, and a State may, therefore, reasonably require an attorney, as a condition of practicing within its jurisdiction, to maintain some genuine physical presence therein. See Lichtenstein v. Emerson, 251 A.D.2d 64, 65 (N.Y. App. Div. 1st Dep't 1998) citing Tolchin v. Supreme Ct., 111 F.3d 1099, 1109 (3d cir. N.J. 1997) cert denied 522 U.S. 977 (U.S. 1007). Thus § 470 is constitutional. Id.

Finally, plaintiff's Ex Parte Young exception arguments are also without merit. In the landmark case of Ex parte Young, the Supreme Court reviewed the jailing of the Minnesota Attorney General who had been enjoined by federal court from imposing what stockholders of a railroad believed were onerous rates on railroads in that state. The Supreme Court, said that Young, as a state officer attempting to enforce an unconstitutional state statute, is subject to the consequences personally because he is stripped of his official representation. 209 U.S. 123, 159-60 (1908). Here, the constitutionality of § 470 has been upheld and therefore the exception as

September 23, 2009
Page 3


outlined by the plaintiff, does not apply in this case.   Furthermore, none of the 36 listed defendants have enforced the statute against the plaintiff.

      For the foregoing reasons defendants' 12(b) motion should be granted.  Thank you for your consideration of this matter.

      Respectfully yours,


      *s/ Christina L. Roberts-Ryba*


      Christina L. Roberts-Ryba
      Assistant Attorney General
      Bar Roll No. 105818
      Christina.Roberts-Ryba@oag.state.ny.us


Ekaterina Schoenefeld (via ECF)
3371 US Highway 1
Suite 105
Lawrenceville, NJ  08648