UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EKATERINA SCHOENEFELD,

                Plaintiff,

  -against-                                          1:09-CV-0504 (LEK/RFT)

STATE OF NEW YORK, *et al.*,

                Defendants.

**MEMORANDUM-DECISION AND ORDER**

Ekaterina Schoenefeld ("Plaintiff") filed this action for equitable relief pursuant to 42 U.S.C. § 1983 ("§ 1983") in the Southern District of New York on April 1, 2008, alleging that § 470 of the New York State Judiciary Law[1] ("§ 470"), on its face and as applied, violates her rights under Article IV, § 2 ("Privileges and Immunities Clause"), the Equal Protection Clause of the Fourteenth Amendment ("Equal Protection Clause"), and Article I, § 8 ("Commerce Clause") of the Constitution of the United States. See Compl. (Dkt. No. 1); Am. Compl. (Dkt. No. 4). Plaintiff brought this action naming thirty-seven defendants including: the State of New York; the New York State Supreme Court, Appellate Division, Third Department ("the Appellate Division"); the Appellate Division Committee on Professional Standards ("Committee on Professional Standards"); New York State Attorney General Andrew M. Cuomo; eleven Justices of the Appellate Division;

---

[1] Section 470 provides, "A person, regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although he resides in an adjoining state."

1

Appellate Division Clerk Michael J. Novack; and twenty-one members of the Committee on Professional Standards.  See generally Am. Compl.  All individual Defendants were sued in their official capacity only.  Id.  On April 16, 2009, the Honorable Naomi Reice Buchwald, acting pursuant to 28 U.S.C. § 1404(a), granted Defendant's motion to transfer venue to the Northern District of New York.  See Mem. and Order (Dkt. No. 17).  Presently before the Court is Defendants' Motion to dismiss Plaintiff's Amended Complaint.  Dkt. No. 20.

**I.    BACKGROUND**

Plaintiff is a 2005 graduate of Rutgers University School of Law and is admitted to practice law in New York, New Jersey, and California.  Compl. ¶ 5.  She is a solo practitioner with a residence and law office in Princeton, New Jersey.  Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss the Am. Compl. in its Entirety (Dkt. No. 26) ("Pl.'s Mem").

Plaintiff alleges that while attending a continuing legal education course on June 5, 2007, she "learned for the first time that, according to § 470 of the New York Judiciary Law which is applicable to nonresident New York attorneys only, she may not practice law in the State of New York unless she maintains an office located in the state."  Am. Compl. ¶ 17.  Though this provision has never been enforced against Plaintiff, she has allegedly refrained from accepting cases that would have required her to practice in New York courts due to her knowledge of, and respect for the law.  Pl.'s Mem. at 5.

Plaintiff, appearing *pro se*, filed this suit alleging that § 470 violates her right to enjoy the privileges and immunities of citizenship as guaranteed in Article IV, § 2 of the Constitution of the United States.  She claims that § 470 "effectively imposes a residency requirement on nonresident attorneys . . . when it requires them to maintain a full-time office in the State in order to practice law

there" and does not require the same of resident attorneys. Am. Compl. ¶ 21. Plaintiff further alleges that § 470 violates her Fourteenth Amendment equal protection rights by imposing different requirements on resident and nonresident attorneys, namely that nonresidents only are required maintain a New York office in order to practice within the state. Id. ¶ 27. Finally, Plaintiff claims that § 470 places burdens on interstate commerce in violation of Article I, § 8 of the Constitution. Id. ¶ 29. Plaintiff claims that the each of the named Defendants, in his or her official capacity, has "some connection with the enforcement of" § 470 and are thus susceptible to suit under 42 U.S.C. § 1983. Pl.'s Mem. at 18-20. Plaintiff seeks the following declaratory and injunctive relief: (1) an order permanently enjoining Defendants from enforcing § 470 and declaring it unconstitutional; (2) reasonable attorney's fees and costs; and (3) "such other and further relief as this Court deems meet and just." Am. Compl. ¶¶ A-C.

Defendants have moved to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, Defendants assert that: (1) pursuant to Rule12(b)(1), the Court lacks subject matter jurisdiction on the grounds that the case is not ripe; (2) pursuant to Rule 12(b)(6) Defendants State of New York, the Appellate Division, and the Committee on Professional Standards do not qualify as "persons" within the meaning of 42 U.S.C. § 1983; and (3) pursuant to Rule 12(b)(6), Plaintiff has failed to plead sufficient facts linking the named Defendants to the alleged constitutional violations. Mem. of Law in Supp. of Defs'. Mot. to Dismiss the Am. Compl. in its Entirety (Dkt. No. 20-2) ("Defs.' Mem.") at 1.

## II. DISCUSSION

### A. Standard of Review

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1),

a court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." J.S. *ex rel.* N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). A court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." Id.

When considering a motion to dismiss under 12(b)(6), a district court must accept the factual allegations made by the non-moving party as true and "draw all inferences in the light most favorable" to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "The movant's burden is very substantial, as 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" Log On America, Inc. v. Promethean Asset Mgmt. L.L.C., 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotation and citations omitted)). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, if plaintiff provides well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

### B.   Plaintiff's Claim is Ripe

Where defendants' move for dismissal under both Rule 12(b)(1) and Rule 12(b)(6), a court must consider the alleged lack of subject matter under Rule 12(b)(1) first. Rhulen Agency, Inc. v.

Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).  Ripeness is a constitutional prerequisite to a federal court's exercise of jurisdiction.  Fed. Election Comm'n v. Cent. Long Island Tax Reform Immediately Comm., 616 F.2d 45, 51 (2d Cir. 1980).  A case must be ripe before a federal court has jurisdiction to grant either injunctive or declaratory relief.  Williamson v. Village of Margaterville, 1993 WL 133719 at *1 (N.D.N.Y. April 23, 1993) (citing Int'l Tape Mfrs. Ass'n v. Gerstein, 494 F.2d 25 (5th Cir. 1974).  Ripeness exists where the controversy is "definite and concrete, touching the legal relations of parties having adverse interests."  Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937).  Where a plaintiff seeks a declaratory judgement, the Constitution requires "a real and substantial controversy admitting of specific relief through a decree of conclusive character."  Id. at 241.

Defendants argue that Plaintiff has failed to show any likelihood of her practicing law in New York or of § 470 being enforced against her, and, therefore, claim Plaintiff has failed to demonstrate that any real, substantial dispute admitting of specific relief exists.  Defs'. Mem. at 5.

Plaintiff correctly notes that she need not violate and be prosecuted for the violation of a statute in order to maintain an action challenging the statute's constitutionality.  See Babbit v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (internal citations omitted).  Plaintiff has alleged that she is in compliance with all requirements applicable to New York attorneys, has been solicited to take cases that would require her to practice in New York courts, and has refused to take these cases only because she does not have a New York office and does not wish to violate § 470.  See generally Am. Compl.; Pl.'s Mem.  She has alleged sufficient facts for the Court to find a "substantial controversy admitting of specific relief" exists.  The Court thus rejects Defendants' contention that the case is not ripe and should be dismissed pursuant to Rule 12(b)(1).

**C.     Defendants' Amenability to Suit Under Section 1983**

Defendants' move for dismissal of Plaintiff's claims under Rule 12(b)(6), alleging that she has failed to state a claim upon which relief may be granted. Defs.' Mem. at 3. Defendants argue that: (1) Plaintiff has included parties that are not "persons" within the meaning of § 1983 and which are immune to suit; and (2) Plaintiff has not alleged facts demonstrating that the named Defendants are personally involved in the alleged violations. Id.

Section 1983 provides in part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

It is well settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The rule prohibiting suit under § 1983 applies "to States or governmental entities that are considered 'arms of the state' for Eleventh Amendment purposes." Id. at 70.

Plaintiff's admits that her claims against the State of New York and the Appellate Division are outside the scope of § 1983 and barred by the Eleventh Amendment. Pl.'s Mem. at 20. Furthermore, Courts in this Circuit have previously held that the Committee on Professional Standards is an arm of the state. Aretakis v. Comm. on Prof'l Standards, 2009 WL 2229578 at *3 (S.D.N.Y. July 27, 2009). Accordingly, Plaintiff's claims as to these Defendants are properly dismissed pursuant to Rule 12(b)(6).

Individual state agents acting in their official capacity and attempting to enforce an unconstitutional statute are not entitled to Eleventh Amendment immunity. See Ex Parte Young,

6

209 U.S. 123 (1908). However, to be found liable under § 1983 state agents must be personally involved in the constitutional deprivations alleged. See Moffit v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991) citing McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1978). Thus, for Plaintiff to survive Defendants' Motion to dismiss her claims against the individual Defendants, she must provide specific factual allegations that these Defendants were personally involved in the alleged deprivation of her rights. McKinnon, 568 F.2d at 934.

An official, whose office is tasked with an express or general duty to enforce a statute alleged to be unconstitutional, is sufficiently connected to that statute to make him a proper party to a suit for injunctive relief. Ex Parte Young, 209 U.S. 157; In re Dairy Mart Convenience Stores, Inc., 411 F.3d 367, 372-73 (2d Cir. 2005). The Attorney General is tasked with enforcing laws prohibiting the unlawful practice of law. NY JUD. LAW §§ 476-a; 476-b, 476-c. Equally, the Justices of the Appellate Division and members of the Committee on Professional standards have the power and duty to investigate allegations of professional misconduct and enforce the rules governing such conduct. See, e.g., NY JUD. LAW § 90; 22 N.Y.C.R.R. §806.3. As such, all of these Defendants, when sued in their official capacity, have some connection to the alleged violation and are proper parties to Plaintiff's suit.

### D. Plaintiff's Claim Under the Privileges and Immunities Clause

Courts have long given great deference to states in their regulation of the practice of law. See, e.g., Leis v. Flynt, 439 U.S. 438, 441-42 (1979); Goldfarb v. Virginia State Bar, 421 U.S. 773, 792 (1975); see also Baccus v. Karger, 692 F. Supp. 290, 294 n.8 (S.D.N.Y. 1988). Plaintiff's claims regarding the constitutionality of § 470 require this Court to afford that same deference.

Nevertheless, a state's discretion in this area is not absolute. See Supreme Court of New Hampshire v. Piper, 470 U.S. 274 (1985) (New Hampshire rule excluding nonresident attorneys from the state bar violates the Privileges and Immunities Clause); Supreme Court of Virginia v. Friedman, 487 U.S. 59 (1988) (Virginia rule allowing attorneys to be admitted on motion on condition that they were permanent residents violated the Privileges and Immunities Clause).

A nonresident attorney, who passes a state's bar exam and otherwise qualifies to practice law within that state, has an interest in practicing law that is protected by the Privileges and Immunities Clause. Piper, 470 U.S. 274. Plaintiff has alleged sufficient facts to assert a protected interest in practicing law in New York. See Am. Compl. ¶ 19. Plaintiff then claims that she and other qualified nonresident attorneys are unlawfully deprived of this protected interest because § 470 subjects nonresident attorneys, but not resident attorneys, to an office requirement. Id. The Privileges and Immunities Clause, however, only "precludes discrimination against nonresidents where (I) there is a substantial reason for the difference in treatment; and (ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective." Piper, 470 U.S. at 284. In considering whether a substantial relationship exists between the regulation and the State's objective, a court should consider whether there are other, less restrictive means available. Id.

In essence, Plaintiff's claim is that § 470 of the Judiciary Law imposes the equivalent of a residency requirement on the practice of law. Am. Compl. ¶ 21. Plaintiff correctly notes that the Supreme Court of the United States has held such requirements unconstitutional. See e.g., Friedman, 487 U.S. 59. Pl.'s Mem. at 4 n.4. In Friedman, the Supreme Court found Virginia's residency requirement to be in violation of the Privileges and Immunities Clause because it

8

burdened a protected privilege, discriminated against nonresident attorneys, *and* the degree of discrimination imposed by the residency requirement did not bear a close relation to the achievement of substantial state objectives.  Id. at 70.  The Supreme Court recognized that Virginia had a substantial interest in ensuring that a nonresident attorney "has a stake in his or her professional licensure and a concomitant interest in the integrity and standards of the bar" and in "ensuring its attorneys keep abreast of legal developments."  Id. at 68, 69.  The discrimination resulting from the residency requirement did not bear a close relationship to these interests because other legislative choices not implicating constitutional protections were available.  Id. at 69-70.

One such alternative was to require nonresident attorneys who had not passed the state bar and, therefore, not shown the "same commitment to service and familiarity with Virginia law." to practice full-time and maintain an in-state office.  Id. at 68.  The Supreme Court concluded that the "[t]he office requirement furnishes an alternative to the residency requirement that is not only less restrictive, but is fully adequate to protect whatever interest the State might have in the full-time practice requirement."  Id. at 70.  This language suggests an office requirement is constitutional when in service of law practice requirements applicable to nonresident attorneys who had not taken the state bar exam.  It does not, however, necessitate the same conclusion where the affected class is all nonresident attorneys, including those who have shown commitment and familiarity with state law by passing the state bar and complying with all other state requirements.

In Frazier v. Heebe, 482 U.S. 641 (1987) the Supreme Court invalidated a local rule requiring an attorney to be a resident of or have an office located in Louisiana.  Frazier considered only whether a district court was empowered to adopt this local rule.  The Frazier Court specifically refused to address any Constitutional concerns raised by the rule; rather the Court invalidated the

9

rule in an exercise of its inherent supervisory power to ensure district courts only adopt local rules that "are consistent with the principles of right and justice." Id. at 645 (internal quotations omitted).

Section 470 does not serve to facilitate a full-time practice requirement applicable only to attorneys admitted on motion. Nor is it a local rule adopted by a particular court. Rather, it is a state rule that applies to all nonresident attorneys, even those who have shown their commitment to service and New York law through attending CLE courses and passing the state bar exam. Plaintiff has alleged sufficient facts, which, if accepted as true, indicate that she has a protected interest in practicing law in New York. The state has offered no substantial reason for § 470's differential treatment of resident and nonresident attorneys nor any substantial relationship between that differential treatment and State objectives. Given this failure, and because case law does not necessitate dismissal of Plaintiff's claims as a matter of law, the Court denies Defendants' Motion to dismiss Plaintiff's claim that § 470 violates the Privileges and Immunities Clause.

**E.      Plaintiff has Failed to State a Claim Under the Equal Protection Clause Upon Which Relief May be Granted**

Plaintiff has failed to raise a plausible claim for relief when she asserts that § 470 violates her rights under the Fourteenth Amendment. Plaintiff, a licensed New York attorney living in New Jersey and seeking to practice law in New York without maintaining an office in that state is neither a member of a suspect class, nor invoking a fundamental right. See Frazier v. Heebe, 788 F.2d 1049, 1053 (5th Cir. 1986) overruled on other grounds by Frazier v. Heebe, 482 U.S. 641 (1987); see also Baccus, 692 F. Supp. at 293 n.7 ("strict scrutiny in bar-admissions cases is not warranted on a fundamental-right theory."). Plaintiff's equal protection argument is not based on her having an

immutable characteristic, nor her being a member of a group traditionally subjected to mistreatment. Accordingly, neither heightened nor intermediate scrutiny applies. Frazier, 788 F.2d at 1053. Thus, the Court need only inquire as to whether the restrictions contained in § 470 are rationally related to a legitimate governmental purpose. See Shapiro v. Cooke, 552 F. Supp. 581, 586 (N.D.N.Y. 1982).

While this Circuit has not specifically addressed the Constitutionality of § 470, other Circuits have found office requirements to have a rational basis. See, e.g., Tolchin v. Supreme Court of the State of New Jersey, 111 F.3d 1099 (1997) (finding a rational basis in the benefit of attorney accessibility for clients, courts, counsel, and other parties). Similarly, New York state courts have suggested a number of rational bases for the office requirement. See, e.g., Lichtenstein v. Emerson, 674 N.Y.S.2d 298, 299 (N.Y. App. Div. 1998) (office requirement ensures nonresident attorneys are amenable to service and contact with clients and other interested parties); White River Paper Co., 441 N.Y.S.2d 960 (N.Y. Civ. Ct. 1981) (office requirement puts resident and nonresident attorneys on equal footing by not according tax advantage to nonresident attorneys). Finally, in Friedman, the Supreme Court clearly indicated that an office requirement, at least as applied to certain classes of nonresident attorney was not irrational or arbitrary.[2] Friedman, 487 U.S. at 70.

Given the numerous rational bases that exist for a nonresident attorney to have an in-state office, Plaintiff's claim under the Equal Protection Clause does not plausibly give rise to an entitlement of relief.

E.   **Plaintiff has Failed to State a Claim Under the Commerce Clause Upon Which**

---

[2] In Frazier the Supreme Court ultimately decided that a local rule requiring nonresident attorneys to have an in-state office was "unnecessary and irrational." Frazier, 482 U.S. at 649. Importantly, however, the rule under consideration was adopted by a district court and applied only to attorneys practicing in front of that one court.

11

### Relief May be Granted

Finally, Plaintiff has failed to state a plausible claim to relief under the Commerce Clause. A statute violates the dormant Commerce Clause if "the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits." Pike v. Bruce Church, 397 U.S. 137, 142 (1970); see also Tolchin, 111 F.3d at 1108. She has raised no theory by which New York's office requirement for nonresident attorneys can be said to be "clearly excessive" to the substantial interest New York has in ensuring that nonresident attorneys are familiar with New York law and maintain a stake in their New York license and interest in the integrity of the state bar. See Goldfarb v. Supreme Court of Virginia, 766 F.2d 856, 862 (4th Cir. 1985). Nor has Plaintiff raised a plausible theory by which the office requirement appears "clearly excessive" to the state's interest in ensuring nonresident attorneys are accessible to clients, courts, and other interested parties. See Tolchin, 111 F.3d 1099. Her claim under the Commerce Clause should, therefore, be dismissed.

## III. CONCLUSION

Accordingly, it is hereby

**ORDERED**, that Defendants' Motion for dismissal (Dkt. No. 20) is **GRANTED** as to Defendants State of New York, Appellate Division and Committee on Professional Standards; and it is further

**ORDERED**, that Defendants' Motion for dismissal (Dkt. No. 20) as to all other Defendants is **DENIED** with respect to Plaintiff's claims under Article IV, § 2 of the Constitution of the United States, and **GRANTED** with respect to Plaintiff's claims under the Fourteenth Amendment and Article I, § 8 of the Constitution of the United States; and it is further

**ORDERED**, that a copy of this Memorandum-Decision and Order be served on all parties.

**IT IS SO ORDERED**.

DATED: February 08, 2010
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge